UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRY HILEMAN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. 4:19-CV-00833-JAR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Movant Jerry Hileman's Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 4). Movant has filed a supplemental memorandum in support of his motion, which this Court has considered. (Doc. 8). Respondent United States of America has responded (Doc. 13), and Movant has replied. (Doc. 14). For the reasons discussed below, the motion will be denied.

**I.   BACKGROUND**

On January 31, 2011, Movant Jerry Hileman signed a guilty plea agreement admitting knowing violation of 18 U.S.C. § 2252A(a)(2) for receipt of child pornography. *United States v. Hileman*, 4:10-CR-484 CEJ, Doc. 30 (hereinafter "*Hileman Criminal Case*"). Judge Carol Jackson of this Court sentenced Movant to 72 months' imprisonment followed by a lifetime of supervised release. *Hileman Criminal Case*, Doc. 37. After his initial release, Movant returned to prison for three months for violating his supervised release conditions. *Hileman Criminal Case*, Doc. 63.

On April 12, 2018, after the case had been transferred to this Court, Movant's supervised release was again revoked and he was sentenced to 18 years in prison. *Hileman Criminal Case*, Doc. 113. Movant admitted guilt to the violations identified in the Final Supervised Release

1

Revocation, which stated that Movant possessed child pornography, among other violations. *Hileman Criminal Case*, Doc. 87. Movant also attempted to escape from federal custody on January 28, 2018. (Doc. 13 at 2).

On April 4, 2019, Movant filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). He filed an Amended Motion on April 25, 2019 (Doc. 4) and supplemental memorandum on July 12, 2019. (Doc. 8). Though Movant's amended motion supplants his initial motion, this Court has also considered the legal arguments raised in Movant's initial motion. (Doc. 1). This Court will construe Movant's filings liberally given his pro se status. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Movant brings the following grounds for relief:

> *Ground One (Ineffective Assistance – Plea Offer)*: Movant claims that counsel rendered ineffective assistance by failing to timely convey the government's plea offer of 14 years' imprisonment prior to this Court's imposition of an 18-year sentence.
>
> *Ground Two (Ineffective Assistance – Direct Appeal)*: Movant claims that his counsel failed to file a direct appeal of this Court's sentence despite his request.
>
> *Ground Three (Unconstitutional Sentence)*: Movant claims that the statute pursuant to which he was sentenced to 18 years' imprisonment is unconstitutional under recent Supreme Court precedent.

## II.    LEGAL STANDARD

A § 2255 movant is entitled to relief when his or her sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255; *see also Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011). An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "Accordingly, a claim may be dismissed without an evidentiary hearing if the claim is

inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994).

### III. DISCUSSION

A. Ground One: Ineffective Assistance – Plea Offer

Movant claims that his attorney failed to timely convey a plea offer of 14 years' imprisonment and that he would have accepted such an offer. To prove ineffective assistance of counsel, Movant must show that his attorney's performance was objectively unreasonable and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). It is Movant's "burden to overcome the strong presumption that counsel's actions constituted objectively reasonable strategy under the circumstances." *Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005) (quoting *Schumacher v. Hopkins*, 83 F.3d 1034, 1037 (8th Cir. 1996)). To show prejudice, Movant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "It is not sufficient for a defendant to show that the error had some 'conceivable effect' on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding." *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir. 2004) (quoting *Strickland*, 466 U.S. at 693).

The Sixth Amendment right to effective assistance of counsel applies to all critical stages of criminal proceedings, including plea negotiations. *See Lafler v. Cooper*, 556 U.S. 156, 162 (2012); *Hill v. Lockhart*, 474 U.S. 52 (1985); *Argersinger v. Hamlin*, 407 U.S. 25 (1972). In *Missouri v. Frye*, the Supreme Court held that "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." 566 U.S. 134, 145 (2012). The Supreme Court noted the American

Bar Association's recommendation that defense counsel "promptly communicate and explain to the defendant all plea offers made by the prosecuting attorney." *Id.* (citations omitted). To show prejudice under *Strickland* where a plea offer has lapsed, the defendant must "demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel" and that "the plea would have been entered into without the prosecution canceling it or the trial court refusing to accept it." *Id.* at 147.

Movant fully admits that the plea offer was only rescinded because of his attempted escape. As explained by Movant:

> [Movant] was arrested and assigned Public Defend[er] Witherspoon again. For the following six to seven months, the [supervised release revocation] proceedings were repeatedly postponed. This information was all [Movant] ever got from his attorney, and, most of the time, it wasn't even directly from him, but from other attorneys in the office. Messages were not returned, and questions were not answered. Finally, frustrated and hopeless over the complete lack of communication from his attorney, [Movant] tried to escape. After [Movant] was caught, [the public defender] came down to inform him that he had just thrown away a 14-year plea deal, and now the Government wanted to add five more years for the escape. This was the first time Movant had heard of any deal. (Doc. 1 at 3).

A defense attorney's failure to relay a formal plea offer for six to seven months could be objectively unreasonable under *Strickland* pursuant to *Frye*.[1]

Movant cannot satisfy *Strickland*, however, because Movant cannot demonstrate prejudice from his counsel's failure to timely convey a plea offer where the plea offer was only rescinded due to Movant's attempted escape from custody. Movant may not create his own prejudice through illegal action. To show prejudice in this context, Movant must demonstrate that but for counsel's ineffective assistance (1) he would have accepted the plea offer; (2) the prosecution would not have withdrawn it due to any intervening circumstances; (3) the court would have accepted its

---

[1] This Court lacks meaningful detail regarding the precise nature of the government's supposed plea offer, including whether it had any specific expiration date or other indicia of formality. This Court presumes a formal 14-year plea offer existed as Respondent does not argue otherwise. Movant's final counsel, Felicia Jones, also states that it was her "understanding that the government's offer prior to [her] entering as counsel was fourteen years." (Doc. 13-2 at ¶ 8).

4

terms; and (4) the conviction or sentence would have been less severe than that actually imposed. *Lafler*, 566 U.S. at 163-64. Movant likely satisfies requirements (1) and (4) because he ultimately accepted an 18-year sentence.

Movant contends that he can satisfy requirements (2) and (3) because if not for his counsel's failure to timely convey the plea offer, he would not have attempted escape. But Movant's attempted escape is precisely the sort of intervening act that would, and did, cause the prosecution to withdraw its plea offer. In *Frye*, the plea offer was a "formal one with a fixed expiration date," and defense counsel simply allowed the offer to expire without consulting the defendant. *Frye*, 566 U.S. at 145. The Supreme Court repeatedly emphasized that its holding applied to "uncommunicated, lapsed" plea offers. *Id.* at 148. Movant's counsel did not allow the offer to lapse; in fact, neither party suggests that the prosecution set a deadline for acceptance. The offer was only rescinded because Movant attempted to escape custody. Movant cannot establish prejudice under *Strickland* for his counsel's failure to convey a plea offer when the plea offer was only rescinded due to Movant's attempted escape.

B. Ground Two: Ineffective Assistance – Direct Appeal

Movant contends that he expressed interest in appealing his 18-year sentence but his counsel "never came to see him to sign the forms" and "[m]ultiple attempts to contact her went unanswered." (Doc. 1 at 3). The Supreme Court has clearly held that "a lawyer who *disregards specific instructions* from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable" and counsel's "failure to do so cannot be considered a strategic decision." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (emphasis added). Even where the defendant has signed an appeal waiver, as Movant did here, a presumption of prejudice applies to the failure to file a direct appeal despite a defendant's request. Courts "will not bend the

presumption-of-prejudice rule simply because a particular defendant seems to have had poor prospects." *Garza v. Idaho*, 139 S. Ct. 738, 747 (2019) (citing *Jae Lee v. United States*, 137 S. Ct. 1958, 1966-67 (2017)); *see also Carnnahan v. United States*, 778 Fed. App'x 404 (8th Cir. 2019) (per curiam).

The Eighth Circuit has provided clear guidance when a district court is faced with conflicting statements as to whether a defendant requested that his counsel file a direct appeal:

> When a district court receives conflicting statements – one from a § 2255 petitioner and one from [his] former counsel – the court cannot make a factual determination based on the relative credibility of [these individuals] without the benefit of an evidentiary hearing. If neither statement is facially incredible and both contain similar specificity regarding when the alleged appeal-request conversations took place (or did not take place), counsel's contrary statement simply is insufficient to support a finding that [the petitioner's] allegations cannot be accepted as true. *Witthar v. United States*, 793 F.3d 920, 923 (8th Cir. 2015) (internal quotations and citations omitted).

Movant's counsel has filed an affidavit before this Court stating that Movant "did not request an appeal of his sentence after the imposition of sentence." (Doc. 13-2 at ¶ 11). The question before this Court is whether Movant's claim that he did is facially incredible or lacks similar specificity as counsel's affidavit. *See Carnnahan*, 778 Fed. App'x at 405-06. In his briefing, Movant has made the following statements as to his attempts to file an appeal:

- "Though [Movant] expressed interest in appealing, [counsel] never came to see him to sign the forms. Multiple attempts to contact [counsel] went unanswered, and the time to file a direct appeal expired." (Doc. 1 at 3).

- "[Movant] wished to appeal, but his attorney failed to do so. These issues could have been presented to the 8th Circuit, but for her failure to act upon the instructions of her client." (*Id.* at 4).

- "I asked my lawyer to appeal my revocation, but she failed to file a notice of appeal." (Doc. 4 at 4, 6).

- "As noted in Movant's affidavit, the call logs from Jennings County Jail contradict [counsel's claim that Movant did not want to file an appeal]." (Doc. 14 at 4).

6

- "After sentencing, [counsel] told me she would come down to Jennings to discuss my appeal options, which she never did. For the week or two following April 12, 2018, I called repeatedly from Jennings County Jail to the Public Defender's Office. They had stopped accepting my phone calls." (*Id.* at 8).

Respondent offers three reasons why it is facially incredible that Movant would have requested to file a direct appeal. First, Respondent cites the transcript from Movant's sentencing as evidence that he lacked intent to file an appeal. The following exchanges occurred at sentencing before this Court on April 12, 2018:

> Court: We would proceed with sentencing, and the parties are going to make a joint recommendation of 18 years in the Bureau of Prisons; is that correct?
>
> Movant's Counsel: Yes, your Honor. The Government agrees that no further prosecution will be brought in this District relative to the conduct contained within the supervise release violation revocation. *Hileman Criminal Case*, Doc. 118 at 5.
>
> …
>
> Court: [Movant], again you have heard your attorney's announcement. You have heard this discussion here. Is it your intent here today to waive your right to a hearing, admit the violations of the conditions of your supervised release, understanding that there is this agreement that there won't be new charges filed as a result of the conduct that's set forth in the petition that was filed or for the escape on January 28, 2018. And that as a result, there is going to be a joint recommendation to the Court for a sentence of 18 years in the Bureau of Prisons; is that, in fact, what you want to do?
>
> Movant: Yes, sir. *Id.* at 5-6.
>
> …
>
> Court: And you are doing this pursuant to an agreement between you and your attorney and the Government. The agreement is that you are going to waive your right to a hearing, admit these violations, understanding that the Court is going to revoke your supervision, proceed to sentencing, and after determining the guideline range, there is going to be a joint recommendation that you be sentenced to 18 years in the Bureau of Prisons. That's going to be followed by a new term of lifetime supervision; do you understand that?
>
> Movant: Yes, sir. *Id.* at 9.
>
> …

7

>Court: Again, [Movant], that's your understanding?
>
>Movant: Yes, sir.
>
>Court: Any question about the agreement?
>
>Movant: No, sir.
>
>Court: Other than that agreement, has anybody promised you anything, threatened you in any way, made any other representation to you of any kind to get you to do this?
>
>Movant: No, sir. *Id.* at 10.
>
>…
>
>Court: You may have waived your right to appeal the sentence by virtue of the original plea agreement, and the proceeding here today, and your agreement here today. In any event, if you want to present any arguments to the Court of Appeals, you can do so by filing a notice of appeal. If you request, the Clerk of Court will file that notice of appeal for you, and you can ask for leave to file the notice of appeal as a poor person or in forma pauperis. Under almost all circumstances, the notice of appeal has to be filed within 14 days of this date. [Counsel], I'll simply ask that you go over with [Movant] his appeal rights, file the appropriate form pursuant to the local rule. Again, anything further on behalf of the [Movant, Counsel]?
>
>Movant's Counsel: No, your Honor. *Id.* at 21.

Second, and relatedly, Respondent argues that given the joint sentencing recommendation, it is "nonsensical that [Movant] would request his attorney to appeal the sentence to which he just agreed." (Doc. 13 at 13). Finally, Respondent argues that Movant's counsel's affidavit is more detailed and grounded in the nature of the plea negotiations. (*Id.*).

Critically, Movant's affidavit simply alleges that his calls to the Public Defender's Office went unreturned, but never explicitly states that Movant informed his counsel he wanted to appeal. In his reply, Movant confirms that he merely "called his attorney[] without success about the appeal." (Doc. 14 at 5). Movant's statements in his briefing regarding his supposed attempt to appeal are inconsistent. He claims at one point that he "asked [his] lawyer to appeal [his]

8

revocation" (Doc. 4 at 4, 6) while also stating he "wished to appeal" but could not get in touch with his counsel. (Doc. 1 at 4; Doc. 14 at 8). In contrast, Movant's counsel has clearly and unequivocally sworn that Movant "did not request an appeal of his sentence after the imposition of sentence." (Doc. 13-2 at ¶ 11).

The Supreme Court has stated that counsel has a constitutional duty to consult with the defendant about an appeal "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480. The Supreme Court specifically described the presence of a guilty plea as a "highly relevant factor" because a plea "reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." *Id.* In the guilty plea context, this Court must also consider "whether the defendant received the sentenced bargained for as part of the plea." *Id.*

Given the specific circumstances of Movant's sentencing, it is facially incredible that his counsel simply refused to file the appeal forms. This Court clearly explained that Movant may file a notice of appeal with his counsel's assistance if he so chooses. Movant's counsel has provided an affidavit stating that Movant did not seek to appeal, which would be expected given the Court imposed the joint sentencing recommendation of the parties. The Court also informed Movant that the Clerk of Court would file the notice of appeal for him and he could request to file in forma pauperis. No such request was made. Movant's argument that his supposedly viable *Frye* and *Haymond* claims (discussed below) demonstrate he would have wanted to appeal is unpersuasive.

The context of Movant's plea agreement is central to this Court's finding. Movant likely faced new charges for possession of child pornography and escape from federal custody. *Hileman Criminal Case*, Doc. 106. Movant accepted the joint recommendation of an 18-year sentence in

9

exchange for the Government agreeing not to bring any further prosecution on these charges. *Hileman Criminal Case*, Doc. 118 at 5. This Court proceeded to sentence Movant to 18 years' imprisonment, meaning Movant received precisely the benefit of his bargain. The plea clearly "indicate[d] that the [Movant sought] an end to judicial proceedings." *Flores-Ortega*, 528 U.S. at 471. Therefore, this Court will deny Movant's § 2255 motion as to Ground Two and further finds that an evidentiary hearing on this issue is not warranted.

C. Ground Three: Unconstitutional Sentence

Movant's 18-year sentence was imposed under 18 U.S.C. § 3583(k). Generally speaking, the statute imposes a five-year mandatory minimum in certain circumstances when a judge determines by a preponderance of the evidence that a sex offender violated their supervised release by committing another federal sex crime. In *United States v. Haymond*, decided after Movant's sentencing was complete, the Supreme Court held that this statute violates a defendant's right to a jury trial under the Sixth Amendment. 139 S. Ct. 2369, 2381 (2019) ("A mandatory minimum 5-year sentence that comes into play *only* as a result of additional judicial factual findings by a preponderance of the evidence cannot stand."). The question before this Court is whether *Haymond* applies retroactively to Movant's sentence on collateral review.

A new rule only applies retroactively in a collateral proceeding if "(1) the rule is substantive or (2) the rule is a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Whorton v. Bockting*, 549 U.S. 406, 416 (2007); *see also Teague v. Lane*, 489 U.S. 288 (1989). A rule is substantive (as opposed to procedural) if it "alters the range of conduct or the class of persons that the law punishes." *Burton v. Fabian*, 612 F.3d 1003, 1009 (8th Cir. 2010) (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)). The exception for watershed procedural rules, meanwhile, is "extremely narrow" and limited to those

rules necessary to prevent an "impermissibly large risk" and "alter[ing] our understanding of the bedrock procedural elements essential to the fairness of a proceeding." *Whorton*, 549 U.S. at 418 (citations omitted). The Supreme Court has repeatedly identified *Gideon v. Wainwright* as the only rule so far which may have met this high threshold. *See, e.g.*, *Whorton*, 549 U.S. at 419.

This Court finds that *Haymond* announced a procedural rule which does not apply retroactively on collateral review. *Haymond* speaks to the allocation of decision-making authority between judge and jury, an issue which has been consistently described as a "prototypical procedural rule[]." *Schriro*, 542 U.S. at 353. At least one court in this district has reached the same conclusion. *Hardgrave v. United States*, No. 4:19-CV-2484 SNLJ, 2020 WL 4903753, at *3-4 (E.D. Mo. Aug. 20, 2020). As the Tenth Circuit Court of Appeals explained, "*Haymond*'s status as a procedural rule signals the end of the road for its bid to become retroactive." *United States v. Salazar*, 784 Fed. App'x 579, 584 (10th Cir. 2019), *cert denied*, 140 S. Ct. 1232 (2020). *Haymond* is procedural and unlike *Gideon* does not establish a previously unrecognized bedrock procedural element that is essential to the fairness of a trial. Movant directly compares *Haymond* to cases like *Alleyne v. United States*, 570 U.S. 99 (2013), but *Alleyne* also does not apply retroactively on collateral review. *See Walker v. United States*, 810 F.3d 568 (8th Cir. 2016). In fact, from this Court's review, it appears that every court to consider the issue has held that *Haymond* does not apply retroactively on collateral review. *See, e.g.*, *Guerrero v. United States*, No. 1:20-CV-002, 2020 WL 8093651, at *3 (S.D. Tex. Dec. 1, 2020); *Vergara v. United States*, No. 8:20-CV-1493-T-27TGW, 2020 WL 7047805, at *2 (M.D. Fla. Dec. 1, 2020); *Jones v. United States*, No. 2:20-CV-389-TC, 2020 WL 5663390, at *2-3 (D. Utah. Sept. 23, 2020); *Williams v. United States*, No. 3:19-CV-142, 2019 WL 6195090, at *2 (N.D. W.Va. Oct. 23, 2019).

Movant's reliance on *Welch v. United States*, 136 S. Ct. 1257 (2016), is unavailing. In *Welch*, the Supreme Court held that *Johnson v. United States*, 576 U.S. 591 (2015), announced a

11

substantive rule by finding the residual clause in the Armed Career Criminal Act of 1984 unconstitutional. But the Supreme Court specifically noted in *Welch* that as a result of *Johnson* "even the use of impeccable factfinding procedures could not legitimate" a sentence based on the residual clause. 136 S. Ct. at 1265 (citation omitted). In *Haymond*, alternatively, the Supreme Court's decision is based entirely on the procedural issue of whether a jury or judge performs the factfinding. The Supreme Court in *Welch* specifically noted that *Johnson* "did not, for example, allocate decisionmaking authority between judge and jury." *Id.* (internal quotations omitted). Because that is precisely what the Supreme Court did in *Haymond*, the decision is procedural and does not apply retroactively on collateral review.[2]

## IV.   CONCLUSION

This Court sentenced Movant after he violated the terms of his supervised release by possessing child pornography, among other violations. Before this Court's sentencing, Movant attempted to escape from federal custody. This Court finds that habeas relief is not warranted on any ground brought by Movant. First, any ineffective assistance by Movant's initial counsel was not prejudicial because the 14-year plea offer was only rescinded due to Movant's attempted escape. Second, Movant has not plausibly alleged that his counsel declined to file a direct appeal despite his request that she do so. Finally, while the statute under which Movant was re-sentenced has since been deemed unconstitutional by the Supreme Court, such decision does not apply

---

[2] Alternatively, if *Haymond* did apply retroactively, it may not matter because Movant appears to have waived his right to appeal on these grounds. In his original guilty plea agreement, Movant agreed "to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to [28 U.S.C. § 2255], except for claims of prosecutorial misconduct or ineffective assistance of counsel." *Hileman Criminal Case*, Doc. 30 at 4. Movant argues that he only did not appeal due to ineffective assistance of counsel. (Doc. 14 at 5). But Movant's failure to file a direct appeal has nothing to do with his explicit waiver of his right to appeal, a decision Movant made knowingly. The Court does not rule on these grounds, however, because Respondent has not firmly contended that Movant's original guilty plea agreement applies as an appeal waiver to issues arising during the 2018 sentencing.

retroactively on collateral review. Because the claims raised by Movant are inadequate on their face, an evidentiary hearing is not required.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Jerry Hileman's Motion to Supplement Amended Motion (Doc. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that Movant Jerry Hileman's Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 4) is **DENIED and DISMISSED.**

**FINALLY**, the Court finds that, because Movant Jerry Hileman cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). A judgment dismissing this case is filed herewith.

Dated this 26th day of April, 2021.

                                                     JOHN A. ROSS
                                                     UNITED STATES DISTRICT JUDGE